UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAO GROUP, INCORPORATED,

       Plaintiff and counter-defendant,       Case Number 09-11354
                                                                      Honorable David M. Lawson

v.

FEDERAL-MOGUL CORPORATION,

       Defendant and counter-plaintiff.

_____/

## ORDER DENYING IN PART PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF RICK CAPRETTA

This matter is before the Court on plaintiff's motion *in limine* to exclude the testimony of Rick Capretta on the ground that the witness was not identified earlier in discovery responses. The plaintiff argues that Mr. Capretta's testimony should be excluded because the defendant failed to identify him as a potential witness until September 7, 2010, despite having been served on August 7, 2009 with an interrogatory asking for the identification of all witnesses with knowledge about testing done on the Pod assemblies. The defendant counters that Mr. Capretta is a proper rebuttal witness that the defendant did not plan on calling until the plaintiff identified John Branch (who apparently reported to Capretta) as witness in its disclosures under Federal Rule of Civil Procedure 26(a)(3). The Court has reviewed the submissions of the parties and finds that the relevant law and facts have been set forth in the motion papers and that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. *See* E.D. Mich. LR 7.1(f)(2).

The Court finds that the defendant failed to include information about witness Capretta in its discovery responses when it ought to have done so. However, because of the preference for trials

on the merits that are fully informed by all the relevant facts, the Court concludes that the discovery violation is better addressed with the allowance of a remedial order than the harsher sanction of preclusion. Therefore, the plaintiff's motion *in limine* will be denied, but the plaintiff will be permitted additional discovery concerning the witness.

I.

On August 7, 2009, the plaintiff served the defendant with interrogatories that requested that the defendant identify and describe all the product defects in the parts the plaintiff delivered to the defendant, making specific reference to the amended counterclaim filed in this case. The plaintiff also sought information that supported the defendant's contention that the parts delivered by the plaintiff failed to conform to the contract, and details of any testing or examination performed by the defendant to determine nonconformity. Concerning the answers to those questions, the plaintiff also asked the defendant to "[i]dentify all persons with substantive knowledge of any such efforts, evaluations, processes, inspections, analyses, or tests undertaken by or at the request of Federal Mogul in relation to its design of the Pod . . . ." Pl.'s Mot., Ex. B, Def.'s First Supplemental Answers to First Set of Interrogatories at 6, 12-14, 17-18. The plaintiff was not satisfied with the defendant's responses to these interrogatories, and the plaintiff moved for an order compelling more specific answers. On February 1, 2010, the parties came to an agreement regarding the interrogatories, and the Court entered a stipulated order requiring the defendant to supplement its responses to several of them.

In August 2010, the plaintiff took the deposition of John Branch in Hong Kong, China to preserve the testimony for trial. Branch is the defendant's former Director of Global Quality. During the deposition, the plaintiff discovered that Rick Capretta, Branch's supervisor, asked

Branch to investigate the manufacturing and assembly process at CAO's affliate, Golden Valley Optoelectronics — where the Pod assembly was being assembled — and Interplex — where the stamp for the Pod assembly was being manufactured, and the root-cause for the failures affecting the Pod assemblies. Branch testified that as part of his investigation, he spent two weeks at the defendant's production facility in Sparta, Tennessee. During the entire process, Mr. Branch alleges to have been in constant contact with Mr. Capretta.

The plaintiff contends that Capretta's name had not emerged before Branch testified, and it reasons that Capretta's testimony should be excluded at trial as a sanction for the defendant's failure to identify Mr. Branch's and Mr. Capretta's involvement in the defendant's investigation into the alleged Pod assembly defects in its answers and supplemental answers to the plaintiff's interrogatories. The defendant responds that it could not have anticipated that Capretta would be a witness in the case until Branch testified at his deposition.

## II.

A party served with interrogatories has a duty to answer each interrogatory fully, Fed. R. Civ. P. 33(b)(3), and to supplement its response "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," Fed. R. Civ. P. 26(e)(1)(A). Federal Rule of Civil Procedure 37 gives a court the authority to sanction a party for failure to comply with Rule 26. It states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1).

The defendant argues that Mr. Branch played a very small and insignificant role in the defendant's efforts to identify the root cause of the Pod assembly failures; there was no "two-week Sparta investigation"into the root cause of the failures — activities at the Sparta plant centered around weeding out defective parts before they were incorporated into the Pod assemblies provided to Chrysler; and Mr. Capretta had little real involvement in the investigation. The defendant, however, does not contest that Mr. Branch spent roughly a month working as part of the defendant's root-cause investigation, or that Mr. Capretta, as Director of Customer Satisfaction for all automotive products for the defendant, was responsible for the defendant's Lighting Division's investigation efforts. Although neither one seems to have had in-depth involvement with the actual scientific analysis of the Pod assemblies, both had substantive knowledge of the defendant's efforts to discover the root cause of the Pod assembly failures. The defendant should have disclosed Branch's and Capretta's identities in its responses to the plaintiff's interrogatories, and its failure constitutes a sanctionable violation under Federal Rule of Civil Procedure 37.

The defendant's argument that Capretta's identity did not become relevant until Branch testified talks past this point. The plaintiffs interrogatory asked for the names of people with knowledge, not witnesses the defendant intended to call. Although the defendant argues that Capretta will be a rebuttal witness whose relevance did not emerge until the plaintiff took Branch's trial deposition, Capretta apparently is a person with knowledge of the results of the parts testing, and his identity should have been disclosed in response to the plaintiff's interrogatory.

The plaintiff asks this Court to sanction the defendant's discovery violation by precluding Mr. Capretta's testimony, but it does not identify any harm that will befall it if Mr. Capretta is allowed to testify. The Court is left to assume, then, that the only harm would be the plaintiff's lack

of time to prepare adequately to address Mr. Capretta's testimony at trial. *See Smith v. Pfizer Inc.*, 265 F.R.D. 278, 283 (M.D. Tenn. 2010) (finding that disclosure of witness after fact discovery had closed was not harmless). Before the Court can sanction the defendant's failure to comply with Federal Rule of Civil Procedure 26, it must determine whether the failure is harmless. Fed. R. Civ. P. 37; *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010) ("[T]he test is very simple: the sanction is mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless."); *see also Dickenson v. Cardiac & Thoracic Surgery of E. Tenn.*, 388 F.3d 976, 983 (6th Cir. 2003). The party violating a discovery order carries the burden to prove harmlessness. *R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 272-73 (6th Cir. 2010); *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

Extending discovery to allow the plaintiff to take Mr. Capretta's deposition would alleviate any potential harm. Requiring the offending party to produce the newly-revealed witness for a deposition is a sensible alternative to preclusion when the trial schedule permits. *See Boegh v. United States*, No. 08-00150, 2010 WL 4286150, at *1 (W.D. Ky. Oct. 22, 2010); *see also Overlook Mut. Homes, Inc. v. Spencer*, No. 07-398, 2008 WL 5120698, at *3-4 (S.D. Ohio Oct. 3, 2008). Therefore, the plaintiff will be allowed to take Mr. Capretta's deposition, and the plaintiff's motion to exclude his testimony will be denied.

Accordingly, it is **ORDERED** that the plaintiff's motion to exclude the testimony of Rick Capretta [dkt. #114] is **DENIED in part**.

It is further **ORDERED** that **on or before April 18, 2011** the defendant must produce Rick Capretta in this District to allow the plaintiff to take his deposition.

It is further ORDERED that the defendant must pay to the plaintiff the sum of $1,000 as attorney's fees for the discovery violation under Federal Rule of Civil Procedure 37(a)(5)(A).

It is further **ORDERED** that if the parties wish to modify the Case Management and Scheduling Order to enlarge time to file motions for summary judgment they must file a motion to do so and demonstrate good cause **on or before April 18, 2011**.

It is further **ORDERED** that the final pretrial conference will be held on **September 8, 2011 at 3:00 p.m.**

It is further **ORDERED** that trial is scheduled to begin on **October 17, 2011 at 8:30 a.m.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: March 21, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL